IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY D. CECIL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-22-3-SLP |
| | ) |
| SCOTT NUNN, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred for initial proceedings to United States Magistrate Judge Gary M. Purcell, who issued a Report and Recommendation on January 13, 2022 [Doc. No. 10]. Judge Purcell recommended dismissing the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] without prejudice as untimely. Petitioner timely filed an objection to the R. & R. [Doc. No. 11]. The Court, therefore, will make a de novo determination of the portions of the R. & R. to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Judge Purcell found the petition untimely under 28 U.S.C. § 2244(d)(1)(A) and that, although Petitioner suggested facts implicating § 2244(d)(1)(C), the subsection was inapplicable because *McGirt v. Oklahoma,* 140 S. Ct. 2452 (2020) did not recognize a new constitutional right. Additionally, Judge Purcell found that statutory tolling under § 2244(d)(2) and equitable tolling did not apply.

The Court concurs with the analysis in the R. & R. and adopts the same. Although the arguments in Petitioner's objection are not abundantly clear, the Court finds that to the extent Petitioner challenges the R. & R.'s timeliness analysis, his arguments are without merit. Petitioner's assertion that subject matter jurisdiction is not waivable does not render his petition timely. *See Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (rejecting similar argument and holding that claim that trial court lacked jurisdiction "is subject to dismissal for untimeliness"); *Davis v. Nunn*, No. CIV-21-1028-SLP, 2022 WL 1618534, at *2 (W.D. Okla. May 23, 2022) (holding that argument that "AEDPA's statute of limitations does not apply because the state court lacked jurisdiction. . . . is without merit and has been rejected on numerous occasions by district courts within the Tenth Circuit."). And, as Judge Purcell found, *McGirt* did not establish any new constitutional claim, so § 2244(d)(1)(C) does not apply. *Id*. at *1 (collecting cases).

Petitioner submitted six other filings after the objection deadline. *See* Doc. Nos. 12-17. To the extent these filings can be construed as further objections to the R. & R.,[1] they are untimely and otherwise do not convince the Court that the R. & R. is erroneous. Although those filings contain bare assertions regarding equitable tolling and actual innocence, Petitioner does not demonstrate that either apply here. *See Kraus v. Heimgartner*, 681 F. App'x 679, 683 (10th Cir. 2017) (rejecting the petitioner's "bare assertions" of actual innocence and explaining that "a viable claim of actual innocence requires a petitioner 'to support his allegations of constitutional error with new reliable

---

[1] For the most part, these filings fail to address the timeliness issue that is the basis for Judge Purcell's recommended dismissal.

evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995))); *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (noting, with respect to equitable tolling, that "[a]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008))).[2]

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 9] is ADOPTED and the Petition [Doc. No. 1] is DISMISSED WITHOUT PREJUDICE. A separate judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that

---

[2] Petitioner mentions a general lack of "access to [l]egal help" because of COVID-19 and gang-related issues and asserts only that he "has been diligently pursuing his Rights by getting this Habeas Corpus Petition." Doc. No. 14, at 10. But Petitioner "has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

reasonable jurists would not debate the correctness of the Court's determination regarding timeliness. The Court therefore denies a COA.

IT IS SO ORDERED this 8th day of June, 2022.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE