IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY D. CECIL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-22-3-SLP |
| | ) |
| CARRIE BRIDGES, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

Before the Court are three post-judgment motions filed by Petitioner Larry D. Cecil. *See* [Docs. No. 27, 28, 29]. On December 27, 2021, Petitioner filed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1]. In it, Petitioner claimed he "ha[d] some Indian Blood" and committed his alleged crime "within . . . Indian Country." *Id.* at 5. He also claimed his trial counsel was ineffective for failing to raise a jurisdictional challenge on those grounds. *Id.*

Magistrate Judge Gary Purcell issued a Report and Recommendation [Doc No. 10] about a month later, recommending the Petition be dismissed as untimely. Petitioner promptly filed an Objection to the R. & R. [Doc. No. 11], as well as six other motions, *see* [Docs. No. 12, 13, 14, 15, 16, 17]. The Court adopted the R. & R. over Petitioner's objection, agreeing his Petition was time barred. *See* [Doc. No. 18]. Petitioner did not appeal the Court's ruling.

After the Court dismissed the Petition and entered judgment, Petitioner filed six post-judgment motions largely reiterating the arguments made in his Petition and earlier

motions. The Court issued an Order dismissing or denying all six motions. *See* [Doc. No. 26]. In doing so, the Court noted that the motions were "repetitive, and portions appear to be boilerplate pleadings with no specificity or acknowledgment of the Court's factual or legal findings." *Id.* at 3 (quoting *Hyslop v. Bridges*, No. CIV 21-045-RAW-KEW, 2023 WL 2290248, at *1 (E.D. Okla. Feb. 21, 2023)). Petitioner did not appeal the Court's Order. Between September 29, 2023 and February 13, 2024, Petitioner filed this latest rash of motions, advancing arguments that are substantially similar to those previously rejected.

### I. September 29, 2023 Motion

The first Motion [Doc. No. 27] is brought pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(4). The time to file a motion under Rule 59(e) has long since passed, as this Court entered judgment on June 8, 2022. *See* [Doc. No. 19]. Petitioner also brings a challenge pursuant to Rule 60(b)(4), arguing his state-court conviction is void because the state lacked jurisdiction to prosecute him  *See* [Doc. No. 27] at 5–6. Accordingly, the Court must "first determine whether the motion is a 'true' Rule 60(b) motion or a second or successive habeas petition"—an inquiry driven by the substance of the Motion and not its title. *Malone v. Crow*, No. 20-CV-0227-GKF-JFJ, 2021 WL 957264, at *2 (N.D. Okla. Feb. 5, 2021) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 530–33 (2005)).

As the Court previously explained, *see* [Doc. No. 26] at 4, true Rule 60(b) motions challenge either (1) "a procedural ruling of the habeas court which precluded a merits determination of the habeas application," or (2) "a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a

2

merits-based attack on the disposition of a prior habeas petition." *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) (citations omitted). On the other hand, a Rule 60(b) motion should be construed as "a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Id.* at 1215. When a petitioner files a second or successive habeas petition, the district court "shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (quoting 28 U.S.C. § 1631). One of the factors the Court should consider "in deciding whether a transfer is in the interest of justice" is "whether the claims alleged are likely to have merit." *Id.*

Here, Petitioner appears to argue that the state court lacked jurisdiction over him, so his conviction has never (and will never) become final. *See* [Doc. No. 27] at 3. Therefore, he contends, his Petition is timely. Although labeled as a Rule 60(b) motion, Petitioner is reasserting the same basis for relief that this Court previously rejected. *See* [Doc. No. 18] at 2; *see also Gray v. Bridges*, No. 23-7065, 2024 WL 2747573, at *2 (10th Cir. May 29, 2024) ("'[A] 'claim that the state court lacked jurisdiction over [a prisoner] is an attack on his conviction and sentence,' which must 'be brought under § 2254.'" (quoting *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) (alterations in original)). The first Motion [Doc. No. 27] is a second or successive habeas petition, and the Court lacks jurisdiction over it absent authorization from the Tenth Circuit. Petitioner's claim that the state court lacked jurisdiction to prosecute him is foreclosed by law, as set forth in Judge Purcell's R. & R. [Doc. No. 10] and this Court's Order adopting the same [Doc. No. 18].

3

Because Petitioner's claims would lack merit, the Court declines to transfer the motion to the Tenth Circuit for authorization and instead DISMISSES it.

## II.     October 18, 2023 Motion

The second Motion appears to advance similar arguments to the first, namely that the state court lacked jurisdiction over Petitioner because his crimes were committed by an "Indian in Indian Country."[1] [Doc. No. 28] at 3. According to Petitioner, he is "challeng[ing] this Court's denial of procedural bar, or the Statute of Limitations of 28 U.S.C.S. § 2244, A.E.D.P.A., because Petitioner could not Exhaust '[ANY]' unlawful and non-existant state remedies of 28 U.S.C.S. § 2254(a)(b)(1)(A)(B)(i)(ii), (There is an absence of available state corrective process:) . . . ." *Id.* at 1–2 (spelling and punctuation in original).[2] Petitioner again cites Rule 60(b)(4), but the Court again concludes that this motion is a second or successive habeas petition. He is apparently reiterating the jurisdictional challenge that he previously made, and which the Court previously rejected.

---

[1] The Court again notes that this Motion is nearly identical—in both form and substance—to one filed by another state prisoner at James Crabtree Correctional Center ("JCCC"). *Compare* [Doc. No. 28] *with Smallen v. Bridges*, Case No. CIV 21-364-RAW-KEW (E.D. Okla. Nov. 8, 2023). Petitioner is cautioned that he cannot be represented by a non-lawyer. *See Perry v. Stout*, 20 F. App'x 780, 782 (10th Cir. 2001) (unpublished). The Court presumes the filings are drafted by a non-lawyer because they are signed by Petitioner, and no attorney has entered an appearance on Petitioner's behalf. Additionally, many of the filings are repetitive, generic, and borderline nonsensical, so it seems unlikely they are written by an attorney. Despite their popularity among JCCC litigants, the Court is unaware of any instances in which such motions have succeeded. *See Eagle v. Bridges,* No. 22-CV-118-JFH-DES, 2024 WL 1618350, at *1 (E.D. Okla. Apr. 15, 2024) (collecting cases rejecting motions from this ghostwriter).

[2] Petitioner also attaches several pages of an opinion from an unrelated district court case. *See* [Doc. No. 28] at 4–7. Someone has circled portions of the opinion, but Petitioner provides no further comment or explanation. One of Petitioner's previous post-judgment motions included the same page of the same opinion with similar annotations. *See* [Doc. No. 25-1] at 3.

4

For the same reasons articulated above, the Court declines to transfer the Motion to the Tenth Circuit and instead DISMISSES it for lack of jurisdiction.

### III. February 13, 2024 Motion

Finally, Petitioner filed his third motion "in objection to the Judge's Order Filed 09/26/23." [Doc. No. 29] at 2. Petitioner cites 28 U.S.C. § 636(b)(1)(C), which permits a litigant to object to a magistrate judge's report and recommendation, not to a district court judge's order dismissing or denying post-judgment motions. Accordingly, the Court construes the Motion only as a request for relief under Rule 60(b)(4). *See* [Doc. No. 29] at 3.

The third Motion reiterates the same arguments advanced in the first two—i.e., that Petitioner's conviction is not final because the state court lacked jurisdiction over him. Petitioner also discusses his previous requests for the undersigned's recusal and for appointment of counsel, *see id.* at 6–7, neither of which have actually been made in this case.[3] Again, the core of Petitioner's argument is that *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), announced "a '[New-Rule]' of criminal law" such that the state court lacked jurisdiction over him. (capitalization and punctuation in original). This is the precise argument the Court previously rejected. For the same reasons articulated above, this is a second and successive habeas petition. Because transferring the motion to the Tenth

---

[3] Nor is either request proper at this junction. Petitioner has provided an uncited quote to allege judicial bias, which is insufficient to warrant recusal. *Cf. Eagle*, 2024 WL 1618350, at *3 (rejecting same argument from JCCC prisoner who failed to "support his allegations of bias with an affidavit" (citing *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997); 28 U.S.C. §§ 144, 455)). The Court declines to appoint counsel because it has entered judgment on Petitioner's habeas Petition, and his claims are clearly without merit.

Circuit would be a waste of judicial resources, the Court instead DISMISSES the Motion for lack of jurisdiction.

## IV. Conclusion

IT IS THEREFORE ORDERED that Petitioner's "Rule 59(e) Motion for Clarification Pre-Fed. R. Civ. P. Rule 60(b)(4) for Void Conviction, and Lack of Appellate Procedure Pre-Petition Writ of Procedendo for Delayed Judgment" [Doc. No. 27] is DISMISSED.

IT IS FURTHER ORDERED that Petitioner's "28 U.S.C.A. § 1651(a), Motion (Writ of Prohibition-Habeas) Fed R. Civ. P, Rule 60(b)(4), for Fed. Ct's (Void Convictions) or Judgments; 28 U.S.C.S. § 636(b)(1),(c), (Objection To Magistrate [and] Judge) 28 U.S.C.S. § 2244(A), (No Finality for 1-Year Statute) 28 U.S.C.S. § 2254(a)(b)(1)(A)(B)(i)(ii), (Absence of Corrective Process) 28 U.S.C.S. § 2254(d)(1)[and](2) (Contrary to [and] Unreasonable Applic.) 28 U.S.C.S. § 2254(e)(1), (Burden of Rebuttal) 28 U.S.C.S. § 2243, (Error of Court – Fed. Court's Failure for Prohibition)" [Doc. No. 28] is DISMISSED.

IT IS FURTHER ORDERED that Petitioner's "28 U.S.C.A. § 363 Fed. R. Civ. P. Objection Under (C); Fed. R. Civ. P. Rule 60(b)(4) For Challenge to Procedural Bar; Second Request for Judge's Recusal [and] Appointment of Specialized Counsel" [Doc. No. 29] is DISMISSED.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial

showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Needham v. State*, 763 F. App'x 753, 755 (10th Cir. 2019). The Court finds that reasonable jurists would not debate the correctness of the Court's ruling. The Court therefore denies a COA.

IT IS SO ORDERED this 24th day of June, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE